KENNETH C. JOHNSTON, ESQ.
Texas Bar No. 00792608
E-mail: kjohnston@krcl.com
BRIAN W. CLARK, ESQ.
Texas Bar No. 24032075
E-mail: bclark@krcl.com
DAVID M. CLEM, ESQ.
Texas Bar No. 24050428
E-mail: dclem@krcl.com
KANE RUSSELL COLEMAN & LOGAN PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: 214/777-4200
Facsimile: 214/777-4299

F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
SARAH T. BASSETT, ESQ.
Nevada Bar No. 12326
E-mail: sbassett@nevadafirm.com
HOLLEY, DRIGGS, WALCH,
PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

*Attorneys for Plaintiff*
*Blue Acquisition Member, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BLUE ACQUISITION MEMBER, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAILEY PEAVY BAILEY, PLLC,<br><br>　　　　　Defendant. | CASE NO.:<br><br>**ORIGINAL COMPLAINT** |

Blue Acquisition Member, LLC ("Blue"), by assignment from 1410 Houston Tower, LLC ("1410"), files this Original Complaint against Bailey Peavy Bailey PLLC ("BPB") and in support thereof would show as follows:

- 1 -

## PARTIES

1. Blue is a limited liability company organized and existing under the laws of the State of Delaware. Blue consists of a single member, Robert Entler, an individual resident of the State of Nevada. Accordingly, Blue is a citizen of the State of Nevada.

2. BPB is a Texas law firm, formerly known as Bailey Perrin Bailey, PLLC. BPB is a Texas limited liability company consisting of the following three members:

    a. F. Kenneth Bailey, Jr., an individual resident of the State of Texas;

    b. Kenneth Camp Bailey, an individual resident of the State of Texas; and

    c. William Harrison Junell, an individual resident of the State of Texas.

Accordingly, BPB is a citizen of the State of Texas.

## JURISDICTION & VENUE

3. This Court has personal jurisdiction over BPB because BPB has systematically and purposefully availed itself of the benefits and protections of the laws of the State of Nevada. Specifically, BPB's principals have made numerous trips to Nevada and regularly communicated with the Nevada-based principals of 1410 for business purposes.

4. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332(a). Complete diversity exists between Blue on the one hand and BPB on the other hand. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is appropriate in the District of Nevada pursuant to 28 USC § 1391(b)(2) because a substantial portion of the events giving rise to this cause of action occurred in this District.

## INTRODUCTION

6. This case arises from BPB's breach of B&B Opportunity Fund, LLC's ("B&B") operating agreement ("Agreement"). B&B is a Delaware limited liability company of which BPB is a member.

7. BPB defaulted under the terms of the Agreement by failing to make its required contribution to B&B.

///

10445-01/1434155.doc

8. 1410 is a creditor of BPB, having advanced earnest money in the amount of $250,000 for the purchase of certain real property, as contemplated by the Agreement ("Real Estate Transaction"). Additionally, 1410 borrowed millions of dollars that it placed in escrow. Each day that the funds sat in escrow without closing, 1410's lender charged 1410 interest at a rate of eleven (11%) percent. BPB's breach of the Agreement derailed the Real Estate Transaction and caused 1410 to lose the earnest money it advanced on behalf of B&B, as well as the interest it paid the lender on the escrow funds.

9. The seller in the Real Estate Transaction sued 1410, and Blue advanced funds to 1410 to cover legal fees and expenses. In partial satisfaction of that debt, 1410 assigned its breach of contract and estoppel claims to Blue.

**FACTUAL BACKGROUND**

10. B&B is a limited liability company that was formed to make investments in two specific areas: (1) real estate and (2) litigation funding. On or about October 23, 2013, at the Houston offices of BPB, F. Kenneth Bailey, Jr. on behalf of BPB, and Robert Entler on behalf of North Carolina Land Acquisition, LLC ("NCLA"), orally agreed to the terms of the Agreement and formed B&B.

11. BPB is a Texas law firm that is involved in mass tort litigation, including transvaginal mesh litigation. In an effort to prosecute these mass tort claims, BPB needed outside funding and took steps to obtain the same.

12. During this process, BPB agreed to pursue further opportunities in both litigation funding and real estate ventures. Accordingly, BPB, along with NCLA, entered into the Agreement, thereby creating B&B under the laws of the State of Delaware in order to accomplish these objectives.

13. Pursuant to the Agreement, BPB made an unconditional promise to contribute $15,000,000 to B&B. The Agreement specified that B&B would invest $5,000,000 of BPB's contribution in 1410 in order to fund the Real Estate Transaction.

14. In reliance on BPB's commitment to make its contribution under the Agreement, 1410 advanced $250,000 in earnest money to secure the Real Estate Transaction. BPB

benefitted from 1410's advancement because, had the Real Estate Transaction closed, B&B—and BPB's interest therein—would have received a credit toward the purchase price of the real estate. Accordingly, 1410 became BPB's creditor.

15. Additionally, in reliance on BPB's pledge to make its contribution under the Agreement, 1410 borrowed millions of dollars that it placed in escrow in anticipation of closing the Real Estate Transaction. Each day that the funds sat in escrow without closing, 1410's lender charged 1410 interest. In all, 1410 paid $490,000 in interest to the lender.

16. For several months, the principals of BPB were involved in negotiations with several lenders in an effort to secure funding to assist with, among other things, making the contribution to B&B and paying off outstanding debts of BPB. Ultimately, BPB obtained a $2,000,000 "bridge loan" through these negotiations that, upon information and belief, BPB used, in part, to service its debts. Upon obtaining the litigation financing that BPB needed, BPB refused to close any further loans related to real estate financing and failed to make its required contribution to B&B.

17. BPB's breach of the Agreement meant that the Real Estate Transaction could not close; thereby causing 1410 to lose the $250,000 in earnest money and needlessly incur interest charges on the escrow funds. Because 1410 extended credit in reliance on BPB's unconditional pledge to make its contribution to B&B, BPB remains indebted to 1410 for the lost funds.

18. On November 18, 2014, 1410 assigned its claim against BPB to Blue as repayment for legal fees paid by Blue on behalf of 1410 after 1410 was sued by the seller in the Real Estate Transaction.

## CLAIMS

### *Count One: Breach of the Agreement*

19. Blue repeats and realleges each and every allegation as set forth above and hereby incorporates the same as if set forth fully herein.

20. The Agreement is a valid and enforceable contract between BPB and NCLA.

21. BPB breached its obligations under the Agreement by failing to pay to make its required contribution.

10445-01/1434155.doc

22. As a result of BPB's breach of the Agreement, 1410 lost the $250,000 credit it extended on behalf of B&B, and thereby BPB.

23. Pursuant to 6 Del. C. § 18–502(b), BPB is liable to 1410 because 1410 extended credit on B&B's behalf in reliance on BPB's unconditional pledge to make its contribution.

### *Count Two: Promissory Estoppel*

24. Blue repeats and realleges each and every allegation as set forth above and hereby incorporates the same as if set forth fully herein.

25. BPB unconditionally promised to contribute $15,000,000 to B&B.

26. BPB reasonably expected its promise to induce 1410 to extend credit on behalf of B&B.

27. 1410 reasonably and detrimentally relied on BPB's promise and extended the $250,000 credit and the $490,000 in interest paid to the lender.

28. BPB's promise is binding because injustice can be avoided only by enforcement of the promise.

### *Count Three: Equitable Estoppel*

29. Blue repeats and realleges each and every allegation as set forth above and hereby incorporates the same as if set forth fully herein.

30. BPB induced 1410 to detrimentally rely on BPB's promise to contribute to B&B.

31. 1410 lacked knowledge or the means of obtaining knowledge of the truth of the facts in question.

32. 1410 relied on BPB's promise.

33. 1410 lost the $250,000 credit it extended and the $490,000 in interest paid to the lender as a result of its reliance.

///
///
///
///
///

10445-01/1434155.doc

## CONCLUSION & PRAYER

34. For these reasons, Plaintiff Blue Acquisition Member, LLC, asks that the Court enter judgment against Defendant Bailey Peavy Bailey, PLLC, as follows:

   a. Actual liquidated damages in the amount of at least $740,000, plus such other damages as may be proven at trial;

   b. Costs of court;

   c. Pre and post-judgment interest as allowed by law;

   d. Reasonable and necessary attorneys' fees; and

   e. Such other and further relief to which Plaintiff may be entitled.

DATED this 3rd day of December, 2014.

HOLLEY, DRIGGS, WALCH,
PUZEY & THOMPSON

_____
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
SARAH T. BASSETT, ESQ.
Nevada Bar No. 12326
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

KENNETH C. JOHNSTON, ESQ.
Texas Bar No. 00792608
BRIAN W. CLARK, ESQ.
Texas Bar No. 24032075
DAVID M. CLEM, ESQ.
Texas Bar No. 24050428
KANE RUSSELL COLEMAN & LOGAN PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201

*Attorneys for Plaintiff*
*Blue Acquisition Member, LLC*

10445-01/1434155.doc