UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BLUE ACQUISTION MEMBER, LLC, )
                                          )
                    Plaintiff, )    Case No.: 2:14-cv-2013-GMN-NJK
    vs. )
                                          )                   **ORDER**
BAILEY PEAVY BAILEY, PLLC, )
                                          )
                  Defendant. )
                                          )

Pending before the Court is Defendant Bailey Peavy Bailey's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 32), to which Plaintiff Blue Acquisition Member, LLC responded (ECF No. 38). For the reasons discussed below, the Motion will be **GRANTED.**

## I.    BACKGROUND

Plaintiff filed its Complaint on December 4, 2014, alleging breach of contract, promissory estoppel, and equitable estoppel against Defendant. (Compl. 4:24-5:23, ECF No. 1). Plaintiff alleges that Defendant executed an operating agreement (the "Operating Agreement") in Houston, Texas with Plaintiff's predecessor in interest, North Carolina Land Acquisition, LLC, on October 23, 2013. (*Id*. at 3:12-16). The Operating Agreement provided for the formation of B&B Opportunity Fund, LLC ("B&B"), a limited liability company which was created to purchase a specific parcel of real estate in Texas. (*Id*. at 3:12-13). Pursuant to the Operating Agreement, Defendant was obligated to contribute $15,000,000 to B&B. (*Id.* at 3:24-26).

Plaintiff's claims center upon allegations that Defendant breached the Operating Agreement by failing to provide the agreed upon funds to B&B. (*Id*. at 4:8-14). Prior to the execution of the Operating Agreement, one of Defendant's principals, F. Kenneth Bailey, Jr., traveled to Nevada three times to meet with Plaintiff's agent, Robert Entler, to negotiate the

terms of the Operating Agreement. (Def.'s Resp. 3:1-6, ECF No. 38).  Plaintiff is a limited liability company organized under the laws of the state of Delaware. (Compl. 2:2-4).  Plaintiff's principal and only member is a Nevada resident. (*Id*.).  Defendant is a limited liability company organized under the laws of the state of Texas. (*Id*. at 2:5-10).  Defendant has three members, all of whom are Texas residents. (*Id*.).  B&B is a limited liability company organized under the laws of the state of Delaware. (*Id.* at 3:20-23).

In the instant Motion, Defendant argues that this case should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.  LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(2), a defendant may move to dismiss an action where a court lacks personal jurisdiction.  "Although the burden is on the plaintiff to show that the court has jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671–72 (9th Cir. 2012) (internal quotation marks omitted).  "Additionally, the court resolves all disputed facts in favor of the plaintiff." *Id*.

In order for a court to exercise jurisdiction where no applicable federal statute governs personal jurisdiction, personal jurisdiction must exist under the laws of the state where it is asserted. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  Further, the exercise of jurisdiction must satisfy due process. *Id*.  The Nevada jurisdictional analysis is essentially the same as the analysis under the Due Process Clause, U.S. Const. amend. XIV, § 1, because Nevada's long arm statute, Nev. Rev. Stat. § 14.065(1), extends personal jurisdiction over defendants to the limits of the state and federal constitutions. *See Trump v. Eighth Jud. Dist. Ct.*, 857 P.2d 740, 747 (Nev. 1993).

"There are two types of personal jurisdiction, specific and general." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." *Id*. (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). This standard is "fairly high" and uncommonly met. *Id*.

Specific jurisdiction, unlike general jurisdiction, allows a court to hear claims that arise out of a defendant's activities within the forum state. *Helicopteros*, 466 U.S. at 414. Specific jurisdiction exists if the following three requirements are met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*CollegeSource*, 653 F.3d at 1076 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The plaintiff bears the burden of satisfying the first two prongs, and if this burden is met, the burden then shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). Further, the plaintiff cannot be the defendant's only connection to the forum state. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

### III. DISCUSSION

In the instant Motion, Defendant argues that it lacks minimum contacts with Nevada, and therefore the Court cannot properly exercise specific jurisdiction in this case.[1]  In response, Plaintiff argues that the fact that Mr. Bailey came to Nevada three times to negotiate on Defendant's behalf is sufficient to warrant a finding that Defendant has minimum contacts with Nevada.  For the reasons discussed below, the Court finds Plaintiff has not alleged sufficient facts to warrant the exercise of specific jurisdiction over Defendant.

**A. Purposeful Direction or Purposeful Availment**

Plaintiff asserts the Defendant purposefully availed itself of the benefits and protections of Nevada law by traveling to Nevada three times to negotiate the Operating Agreement. (Compl. 2:12-15).[2]

Standing alone, the mere act of contracting with a party who is a resident of a forum state does not establish sufficient contact to warrant a court's exercise of jurisdiction. *Burger King*, 471 U.S. at 478.  The court's exercise of jurisdiction must be linked to the defendant's relationship with the forum state itself. *Walden*, 134 S. Ct. at 1123.  Although a defendant's connection with the forum state will often be related to his connection with residents thereof, relationships with residents of the forum state, without more, is not sufficient. *Id*.  A

---

[1] Plaintiff appears to indicate that if the Court finds that it may not exercise specific jurisdiction over the Defendant, the Court may instead exercise general jurisdiction because Defendant has advertised its mass tort litigation in Nevada. (Pl.'s Resp. 6:21-25, ECF No. 38).  However, merely placing advertisements cannot be said to create an affiliation with a state that is "so continuous and systematic as to render [a party] essentially at home in that state." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal quotations omitted).  Therefore, the Court finds that the exercise of general jurisdiction over Defendant in this case would be improper.

[2] Purposeful availment analysis is distinct from purposeful direction analysis.  A purposeful availment analysis centers on "evidence of the defendant's actions inside the forum [state], such as executing or performing a contract" and "is most often used in suits sounding in contract." *Schwarzenegger*, 374 F.3d at 802.  A purposeful direction analysis centers, instead, on "evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id*. at 803. Because this is a suit regarding an agreement that was negotiated partly in Nevada, the Court finds the purposeful availment analysis, rather than the purposeful direction analysis, is appropriate.

1  defendant's physical entry into a forum state, either in person or through an agent, goods, mail,
2  or some other means, is a relevant contact for the purposes of a specific jurisdiction analysis.
3  *Id*. at 1122.  Further, negotiations and future consequences of an agreement must be considered
4  in a court's personal jurisdiction analysis. *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir.
5  1991).

6  While Defendant's travel to Nevada could be relevant to this Court's specific
7  jurisdiction analysis, three trips to Nevada to negotiate a contract that was ultimately executed
8  in Texas are not sufficient, by themselves, to establish that Defendant purposefully availed
9  itself of Nevada's benefits and protections. *See Roth*, 942 F.2d at 621 (explaining that
10 temporary physical presence in a forum, even in the course of negotiations, is not sufficient to
11 find personal jurisdiction).  These visits do not indicate that Defendant received any benefit
12 from Nevada's laws, and instead speak only to Defendant's relationship with Plaintiff.
13 Moreover, the content of the Operating Agreement involved property and events in Texas and
14 Delaware rather than Nevada. *See id*. at 622 (stating that courts must look to the "future
15 consequences of [a] contract" when considering questions of personal jurisdiction).

16 Further, the Operating Agreement did not provide a choice of law or specify a particular
17 forum for disputes arising under its terms.  The fact that the Operating Agreement made no
18 mention of Nevada implies that Defendant traveled to Nevada merely because it was where the
19 other contacting party happened to be located, weighing against any notion that Defendant may
20 have sought to benefit from Nevada's laws. *See CC Mexicano.US, LLC v. Aero II Aviation,*
21 *Inc., et al.*, 2014 WL 3783937 (D. Nev. 2014) (finding parties' forum selection clause evidence
22 of the defendant purposefully availing itself to benefits and protections of Nevada law).
23 Therefore, because the three visits Defendant's agent made to Nevada are insufficient to
24 demonstrate purposeful availment, and because Plaintiff has made no other allegations
25

demonstrating that Defendant purposefully availed itself of Nevada's laws, the Court finds that it lacks personal jurisdiction over Defendant in this case.[3]

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss (ECF No. 32) is **GRANTED**.  The Clerk shall enter judgment accordingly and close the case.

**DATED** this ___9__ day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[3] Because Plaintiff has not sufficiently alleged that Defendant purposefully availed itself of Nevada's benefits and protections, the Court need not analyze the other elements of specific jurisdiction in this case.